SEALED

USDC-BALTIMORE
'24 JUL 10 AM 11:35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Criminal No. BAH-24-cr-00004 |
| | * | |
| v. | * | (Conspiracy to Commit Mail Fraud, |
| | * | 18 U.S.C. § 1349; 18 U.S.C. § 2326; |
| DWAYNE HENRY, | * | Forfeiture, 18 U.S.C. §§ 981(a)(1)(C), |
| WAYNE ANTHONY HENRY, | * | 982; 2328, 21 U.S.C. § 853(p), 28 |
| and NICKOY CAMPBELL | * | U.S.C. § 2461(c)) |
| | * | |
| Defendants | * | UNDER SEAL |

## SUPERSEDING INDICTMENT

### COUNT ONE

(Conspiracy to Commit Mail Fraud)

*our case Number: 24-MJ-6317-PMH*

The Grand Jury for the District of Maryland charges that:

### Introduction

At times relevant to this Indictment:

1. Defendant DWAYNE HENRY ("**DWAYNE**") was a resident of Landover Hills, Maryland.

2. Defendant WAYNE ANTHONY HENRY ("**WAYNE**") was a resident of Landover Hills, Maryland and **DWAYNE**'s brother.

3. Defendant NICKOY CAMPBELL ("**CAMPBELL**") was a citizen of Jamaica and was residing in Jamaica and Margate, Florida.

4. The individuals with the initials A.K., J.S., J.P., N.M., J.M., and G.R. were real persons living in Baltimore County, Maryland, Alaska, Oregon, Tennessee, North Carolina, and Florida respectively.

5. PayPal Holdings Inc. ("PayPal") and Zelle Company ("Zelle") provided an online payment system and digital payments network, respectively.

6. FedEx Corporation ("FedEx"), the United Parcel Service ("UPS"), and the United States Postal Service ("USPS"), provided shipping and postal services in the United States.

7. Walgreens Drugstore Corporation ("Walgreens") and Staples Inc. ("Staples") were a pharmacy chain and an office supply retail chain, respectively. Walgreens provided FedEx pickup services and Staples provided shipping services in coordination with UPS.

8. Comcast Corporation ("Comcast") was an American multinational telecommunications company.

9. Truist Bank ("Truist"), M&T Bank ("M&T"), and TD Bank ("TD") were financial institutions as defined in 18 U.S.C. § 20.

**Relevant Terms**

10. A "lottery scheme" typically involves contacting the victim by mail, electronic mail, or telephone, and causing the victim to believe that he or she has won a large cash prize through a lottery or sweepstakes. To collect the purported winnings, the victim must pay taxes or other fees in advance, through various payment methods including wire transfer, gift cards, or sending cash in the mail. Many lottery or sweepstakes schemes originate outside of the United States. The individuals who purportedly win the lotteries or sweepstakes do not receive their winnings, but lose their advance fees or tax payments.

11. An "IP address" was an internet protocol address, or identifying number associated with a specific computer or computer network. When connected to the internet, the IP address allowed a computer to send or receive information. The IP address could be used to identify the physical location of the computer user.

### The Scheme and Artifice to Defraud

12. From in or about October 2020 until in or about February 2024, in the District of Maryland, and elsewhere, **DWAYNE, WAYNE, CAMPBELL** and other persons known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, that is, through the fraudulent operation of a lottery scheme (hereinafter, "the scheme to defraud").

### The Conspiracy to Execute the Scheme to Defraud

13. From in or about October 2020 until in or about February 2024, in the District of Maryland and elsewhere,

**DWAYNE HENRY,
WAYNE HENRY, and
NICKOY CAMPBELL**

the defendants herein, did knowingly and willfully conspire, combine, confederate, and agree with each other, and other persons known and unknown to the Grand Jury ("conspirators"), to commit mail fraud, that is, to knowingly execute and attempt to execute the scheme to defraud and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly deposit, use, deliver, and cause to be deposited, used, and delivered a matter by the United States mail and a private and commercial interstate carrier, according to the direction thereon, in violation of Title 18, United States Code, Section 1341 (hereinafter, "the conspiracy to defraud").

### Objects of the Conspiracy and Scheme to Defraud

14. The object of the conspiracy and scheme to defraud was to defraud victims of their money and property by materially false and fraudulent pretenses, representations and promises.

3

## Manner and Means of the Conspiracy and Scheme to Defraud

15. It was part of the conspiracy and scheme to defraud that conspirators contacted victims by mail and over the telephone with the intent to fraudulently induce the victims to provide money and property.

16. It was further part of the conspiracy and scheme to defraud that conspirators caused victims to believe that they had won a lottery or sweepstakes and were required to send payment in advance for taxes and other fees before the victims could be entitled to receive their winnings.

17. It was further part of the conspiracy and scheme to defraud that **DWAYNE, WAYNE, CAMPBELL**, and other conspirators caused the victims to send payment for purported taxes and other fees through wire transfer, by gift card, by sending cash, and by other payment methods.

18. It was further part of the conspiracy and scheme to defraud that **DWAYNE, WAYNE, CAMPBELL**, and other conspirators promoted and caused the promotion of the scheme to defraud by contacting victims, many of whom were over the age of 55, by interstate telephone calls. The defendants and other conspirators also pressured the victims to maintain close contact with the defendants and other conspirators through repeated interstate telephone calls under the guise of assisting with the payment of the lottery or sweepstakes winnings.

19. It was further part of the conspiracy and scheme to defraud that from approximately 2022 through approximately 2023, **DWAYNE, WAYNE**, and other conspirators, caused packages and suitcases to be sent to victims throughout the United States from the Staples store on Annapolis Road in Lanham, Maryland.

20.  It was further part of the conspiracy and scheme to defraud that **DWAYNE, WAYNE**, and other conspirators used fictitious names and false addresses when mailing and attempting to mail items via UPS and USPS.

21.  It was further part of the conspiracy and scheme to defraud that **DWAYNE, WAYNE**, and other conspirators possessed fictitious checks, which the defendants sent to victims as purported lottery or sweepstakes winnings.

22.  It was further part of the conspiracy and scheme to defraud that **DWAYNE, WAYNE, CAMPBELL**, and other conspirators tracked the packages sent to and from the victims.

23.  It was further part of the conspiracy and scheme to defraud that **WAYNE** received numerous packages containing victim funds addressed to "Anthony Henry" at Walgreens stores in Maryland.

**Additional Information About Particular Victims**

24.  It was further part of the conspiracy and scheme to defraud that beginning in or about February 2021, **DWAYNE, WAYNE**, and other conspirators caused false and fraudulent pretenses, representations, and promises to be made to A.K., including causing A.K. to believe the following:

    a.  A.K. had won the lottery.
    b.  To receive the winnings, A.K. was required to send funds to **DWAYNE, WAYNE**, and other conspirators by sending checks, through wire transfers, and by providing gift card information over the phone.

25.  It was further part of the conspiracy and scheme to defraud that one of the gift cards A.K. had purchased was used to fund a PayPal account registered to **WAYNE**.

26.  It was further part of the conspiracy and scheme to defraud that beginning in or about October 2020, **DWAYNE, WAYNE, CAMPBELL**, and other conspirators caused false

and fraudulent pretenses, representations, and promises to be made to J.S., including causing J.S. to believe the following:

    a. J.S. had won the lottery.

    b. J.S. was required to send funds to pay taxes and other fees in connection with the winnings.

    c. J.S. was required to conceal the payments, for instance, by sending cash via FedEx inside a hollowed-out children's coloring book.

27. It was further part of the conspiracy and scheme to defraud that in or about September 2022 and March 2023, **WAYNE**, **CAMPBELL**, and the conspirators caused J.S. to send packages via FedEx to **WAYNE** at Walgreens stores in Maryland, including a package that contained approximately $50,000 in United States currency.

28. It was further part of the conspiracy and scheme to defraud that the conspirators sent packages and caused packages to be sent that contained checks made payable to J.S. in the amount of $150 million, cell phones, and typewritten notes including requesting that J.S. contact the writer at a telephone number ending in 9391 "to get in touch . . . about paying you the 150 million dollars."

29. It was further part of the conspiracy and scheme to defraud that beginning in or around 2023, **DWAYNE**, **WAYNE**, and other conspirators caused false and fraudulent pretenses, representations, and promises to be made to N.M. including causing N.M. to believe the following:

    a. N.M. had won the lottery.

    b. N.M. was required to pay taxes and other fees in advance by gift card.

30. It was further part of the conspiracy and scheme to defraud that on or about November 13, 2023, **DWAYNE**, **WAYNE**, and other conspirators caused a package to be sent to N.M. via USPS containing purported official correspondence confirming N.M.'s lottery winnings.

31. It was further part of the conspiracy and scheme to defraud that on or about November 16, 2023, **DWAYNE**, **WAYNE**, and other conspirators caused a package to be sent via UPS from the Staples store on Annapolis Road in Lanham, Maryland to J.M. in North Carolina. The package contained a typewritten note referencing the same telephone number ending in 9391 as the typewritten notes sent to J.S.

32. It was further part of the conspiracy and scheme to defraud that **DWAYNE**, **WAYNE**, **CAMPBELL**, and other conspirators tracked multiple packages, including the following:

    a. the FedEx package sent by J.S. in or about March 2023, and

    b. multiple packages sent to J.S. in 2023 via USPS.

33. It was further part of the conspiracy and scheme to defraud that beginning in early 2023, **DWAYNE**, **WAYNE** and other conspirators caused false and fraudulent pretenses, representations, and promises to be made to J.P., including causing J.P. to believe the following:

    a. J.P. had won $5.5 million in the lottery.

    b. J.P. received a metal briefcase containing partial payment of the lottery winnings and would receive a code to unlock the briefcase after J.P. had sent the required taxes and fees.

    c. If J.P. opened the briefcase without receiving the code, the money would be destroyed by an exploding ink pack inside the briefcase.

34. It was further part of the conspiracy and scheme to defraud that on or about July 14, 2023, **DWAYNE**, **WAYNE**, and other conspirators caused a package to be sent via UPS from the Staples store on Annapolis Road in Lanham, Maryland to J.P. in Oregon.

35. It was further part of the conspiracy and scheme to defraud that beginning in December 2023, **CAMPBELL** and other conspirators caused false and fraudulent pretenses, representations, and promises to be made to G.R. including causing G.R. to believe the following:

   a. G.R. had won $8.4 million in a Publisher's Clearing House sweepstakes;

   b. To collect the winnings, G.R. was first required to pay $100,000 in taxes and fees;

   c. G.R. purchased a cashier's check dated January 31, 2024, in the amount of $40,000 made payable to **CAMPBELL** and deposited to **CAMPBELL**'s TD account.

36. It was further part of the conspiracy and scheme to defraud the **DWAYNE**, **WAYNE**, **CAMPBELL**, and other conspirators victimized at least 20 persons who were over the age of 55 and targeted persons over the age of 55.

**Information about Financial Transactions**

37. It was further part of the conspiracy and scheme to defraud that **WAYNE** opened a bank account ending in 3141 at Truist ("Truist 3141") and a bank account ending in 1382 at M&T ("M&T 1382"). **WAYNE** was the only signatory on the accounts.

38. It was further part of the conspiracy and scheme to defraud that Truist 3141 and M&T 1382 received money from the scheme to defraud, including in cash deposits and peer to peer transfers.

39. It was further part of the conspiracy and scheme to defraud that most of the ATM cash withdrawals from M&T 1382 occurred outside the United States.

8

40. It was further part of the conspiracy and scheme to defraud that from on or about November 10, 2020, to on or about October 26, 2023, **WAYNE** sent more than 30 payments to **DWAYNE** using Zelle.

41. It was further part of the conspiracy and scheme to defraud that from on or about October 24, 2020, to on or about October 31, 2023, **DWAYNE** sent more than 100 payments to **WAYNE** using Zelle.

42. It was further part of the conspiracy and scheme to defraud that **CAMPBELL** opened a bank account ending in 4457 at TD ("TD 4457). **CAMPBELL** was the only signatory on the account.

43. It was further part of the conspiracy and scheme to defraud that the $40,000 cashier's check from G.R. was deposited to TD 4457 on or around January 31, 2024.

44. It was further part of the conspiracy and scheme to defraud that the victims sent more than $9.5 million to the defendants and other conspirators based on false and fraudulent pretenses, representations, and promises involving false lottery or sweepstakes winnings.

18 U.S.C. § 1349
18 U.S.C. § 2326(2)(A) & (B)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

### Fraud Forfeiture

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 2328, and Title 28, United States Code, Section 2461(c), in the event of the defendants' conviction under Count One of this Superseding Indictment.

2. As a result of the offense charged in Count One, the defendants

**DWAYNE HENRY,**
**WAYNE HENRY, and**
**NICKOY CAMPBELL**

shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to such violations, and all interest and proceeds traceable thereto, and any equipment, software, or other technology used or intended to be used to commit or to facilitate the commission of the offense.

3. If, as a result of any act or omission of the defendants, any proceeds subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982
18 USC § 2328
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron/ELC*
Erek L. Barron
United States Attorney

**SIGNATURE REDACTED**

_____
Foreperson

7-10-24
_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**SEALED**

USDC - BALTIMORE
'24 JUL 10 AM 11:34

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. BAH-24-cr-00004 |
| | * | |
| v. | * | (Conspiracy to Commit Mail Fraud, |
| | * | 18 U.S.C. § 1349; 18 U.S.C. § 2326; |
| DWAYNE HENRY, WAYNE | * | Forfeiture, 18 U.S.C. §§ 981(a)(1)(C), |
| ANTHONY HENRY, AND NICKOY | * | 982; 21 U.S.C. § 853(p), 28 U.S.C. § |
| CAMPBELL | * | 2461(c)) |
| | * | |
| Defendants. | * | **UNDER SEAL** |

\*\*\*\*\*\*

## GOVERNMENT'S MOTION TO SEAL

The United States of America, by its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, and Evelyn Lombardo Cusson and Christine Goo, Assistant United States Attorneys for said District, for the following reasons, moves this Honorable Court to order and direct that the Second Superseding Indictment and Arrest Warrant in the above-captioned case should be **SEALED**, and should not appear on the public docket or otherwise be known to the public at this time.

In support of this motion, the government submits that agents are continuing their investigation and premature disclosure of the Second Superseding Indictment and Arrest Warrant, and/or the allegations set forth therein, could compromise the ongoing federal investigation and cause additional subjects of interest to flee.

The government further requests that this Court seal this motion and any accompanying order as premature disclosure of the information in these materials could endanger the safety of law enforcement and/or frustrate the continuing investigation.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/ Evelyn Cusson
Digitally signed by EVELYN CUSSON
Date: 2024.07.09 11:07:56 -04'00'

Evelyn Lombardo Cusson
Assistant United States Attorney

**SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC-BALTIMORE
'24 JUL 10 AM 11:35

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. BAH-24-4 |
| | * | |
| v. | * | (Conspiracy to Commit Mail Fraud, |
| | * | 18 U.S.C. § 1349; 18 U.S.C. § 2326; |
| DWAYNE HENRY, WAYNE | * | Forfeiture, 18 U.S.C. §§ 981(a)(1)(C), |
| ANTHONY HENRY, AND NICKOY | * | 982; 21 U.S.C. § 853(p), 28 U.S.C. § |
| CAMPBELL | * | 2461(c)) |
| | * | |
| Defendants. | * | **UNDER SEAL** |

\*\*\*\*\*\*

## ORDER

Upon consideration of the Government's Motion to Seal the Second Superseding Indictment and Arrest Warrant, it is this _10_ day of July 2024, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

The Second Superseding Indictment and Arrest Warrant shall be **SEALED**; and

This Order and the Government's motion shall be **SEALED**.

_____
The Honorable J. Mark Coulson
United States Magistrate Judge

Case 1:24-cr-00004-BAH *SEALED*   Document 40 (Court only)   Filed 07/10/24   Page 3 of 4

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**By:** ___ Complaint   ___ Information   X Superseding Indictment

**Name of District Court, (City):** Baltimore, Maryland Northern Division

**SEALED**

## Offense Charged

Conspiracy to Commit Mail Fraud

___ Petty
___ Misdemeanor
X Felony

**Defendant - U.S. vs.** Nickoy Campbell
**Address:** 6668 NW 2nd Street, Margate, Florida 33063
**Birth date:*** 03/31/1995   **Male/Female:** M   **Alien (Y/N):** Y
*(Optional unless a juvenile)

**Place of offense:** Baltimore County, Maryland

**U.S.C. Citation:** 18 U.S.C. § 1349; 18 U.S.C. § 2326(2)(A) & (B)

## Proceeding

**Name of Complainant Agency, Agent & Phone#:** Dennis Senft, U.S. Dept. of Treasury, 202-528-6231

___ Person is awaiting trial in another Federal or State Court, give name of court:

___ This person/proceeding is transferred from another district per:
___ FRCrP 20   ___ 21   ___ 40   Show District

___ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   Show Docket #
___ U.S. Attorney   ___ Defense

___ this prosecution relates to a pending case involving this same defendant

___ prior proceeding or appearances before U.S. Magistrate Judge regarding this defendant were recorded under

**Magistrate #**

## Defendant

**IS NOT IN CUSTODY**
1) X Has not been arrested, pending outcome of this proceeding. If not detained give date any prior summons was served on above charges. _____
2) ___ Is a fugitive
3) ___ Is on bail or release from (show District) _____

**IS IN CUSTODY**
4) ___ On this charge
5) ___ On another conviction   ___ Federal   ___ State
6) ___ Awaiting trial on other charges

If the answer to (6) is "Yes", show name of institution _____

Has detainer been filed? Y/N ___   Date filed _____
Date of Federal arrest _____   OR
Date Transferred to Federal Custody _____

___ Check if plea is expected
___ This report amends AO 257 previously submitted

**Name & Office of Person furnishing information on this form:** Erek L. Barron, U.S. Attorney

**Name of Asst. U.S. Att'y:** Evelyn L. Cusson

**Phone Number:** 410-209-4833

**FOR USE OF THE CLERK'S OFFICE**

BAH 24cr 4

## Additional Information or comments:

**Maximum Penalty:** CT 1: 20 yrs/$250k/3 yrs SR
18 U.S.C. § 2326(2)(A) & (B) up to 10 years consecutive

**Date of offense:** October 2020 – January 2024

**Length of Trial:** 10 days

**HIDTA CASE:** ___ Yes   X No
**OCDETF CASE:** X Yes   ___ No